E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3784-GHK (SHx) | Date | October 5, 2010 |
|---|---|---|---|
| Title | *Karen Chilyan v. Bank of America Corp., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re:** Defendants' Motion to Dismiss

This matter is before the Court in the above-captioned action on Defendant Bank of America Corp., Countrywide Home Loan, Inc., and Countrywide Home Loan Servicing, L.P.'s (collectively, "Defendants") Motion to Dismiss the First Amended Complaint ("FAC") filed by Plaintiff Karen Chilyan ("Plaintiff"). Plaintiff's original Complaint was filed in state court on May 19, 2010 and Defendants removed the action to this Court. (Dkt. No. 1). Plaintiff filed a FAC asserting claims under state law and under the Truth in Lending Act (TILA) for rescission and damages. (Dkt. No. 16). Defendants filed the instant Motion to dismiss each claim. Plaintiff has requested leave to file a Second Amended Complaint ("Proposed SAC") that she asserts will remedy the objections raised by Defendants. We have reviewed the papers filed in support of and in opposition to the Motion and consider this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts we will repeat them only as necessary. Accordingly, we rule as follows.

Plaintiff's TILA claims, for damages and rescission, are both time-barred. A damages action under TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Plaintiff admits she obtained the loan on July 26, 2006, (FAC ¶ 13), yet the original Complaint was filed on May 19, 2010. All pertinent allegations in the FAC relate to the failure to make material disclosures at the time the loan was originated. Plaintiff does not assert that the statute of limitations should be equitably tolled, nor does she allege any facts that would support tolling. As it has been over one year since the loan was originated, this claim is time-barred. For the TILA rescission claim, the statute of limitations is three days, which is extended to three years if the borrower was not properly notified of the right to rescind. *See* 15 U.S.C. § 1635(f). This is an "absolute limitation on rescission actions." *See King v. State of California*, 784 F.2d 910, 914 (9th Cir. 1986). Even if Plaintiff were given the benefit of the three year statute of limitations, the rescission action would be time-barred. The Proposed SAC adds no new allegations as to the TILA claims. Therefore, the Motion is **GRANTED** and the TILA damages and rescission claims are **DISMISSED with prejudice**.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-3784-GHK (SHx) | Date | October 5, 2010 |
|---|---|---|---|
| Title | *Karen Chilyan v. Bank of America Corp., et al.* | | |

      The TILA claims are the only bases for our original subject matter jurisdiction. The Parties are not diverse and no other federal claim is asserted.[1] Pursuant to 28 U.S.C. § 1367(c)(2), we decline to exercise supplemental jurisdiction over the remaining state law claims. The case is **REMANDED** to the California state court. Plaintiff's request for leave to file the Proposed SAC is **DENIED without prejudice**. Plaintiff will have the opportunity to request leave of the state court to file the SAC.

      **IT IS SO ORDERED.**

|   | -- | : | -- |
|---|---|---|---|
|   | Initials of Deputy Clerk | | Bea |

---

[1] The FAC purports to assert a claim under both California Civil Code §2923.6 and the National Affordable Housing Act ("NAHA"). Mere mention of a federal statute is insufficient to assert a claim arising under federal law. Moreover, the NAHA, Pub. L. No. 101-625, does not create an express right of action and does not discuss any potential remedies. We have found no authority, and Plaintiff cites none, where the NAHA served as the basis for recovery.